IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-30516
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KIM ANDREA WEBB,

Defendant-Appellant.

- - - - - - - - - - -
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 96-CR-50086
- - - - - - - - - - -
December 18, 1997
Before WISDOM, WIENER, and DENNIS, Circuit Judges

PER CURIAM:[*]

Kim Andrea Webb pleaded guilty to count 5 of an indictment charging him with wire fraud and has appealed the district court's restitution order. Webb contends that the restitution order was imposed in violation of the Victim and Witness Protection Act, 18 U.S.C. § 3663. Because Webb failed to object to the restitution order in the district court, we review this issue under the plain error standard. See United States v.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

<u>Calverley</u>, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc) (citing <u>United States v. Olano</u>, 507 U.S. 725, 730-35 (1993)).

Webb concedes that the victims of his "employment testing" scheme are entitled to restitution. He argues, however, that certain other victims were who were enticed to extend credit to him for airline tickets and hotel rooms were victims of an entirely different scheme and were not entitled to restitution under § 3663(a)(1).

Webb has not shown that the error is plain and has affected his substantial rights. See <u>Olano</u>, 507 U.S. at 732-35. Moreover, the issue presented involves a question of fact. "[Q]uestions of fact capable of resolution by the district court upon proper objection at sentencing can never constitute plain error." <u>United States v. McCaskey</u>, 9 F.3d 368, 376 (5th Cir. 1993) (internal quotation marks omitted). The judgment is

AFFIRMED.